UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL YEE, individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>      -against-<br><br>KALSHIEX LLC; KALSHI INC; KALSHI KLEAR LLC; KALSHI KLEAR INC., KALSHI TRADING LLC, and DOES 1-20,<br><br>        Defendants.<br><br>This action relates to: | Case No. 25-cv-8585<br><br>**[PROPOSED] STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES**<br><br>**JURY DEMAND**<br><br>Judge:  Jennifer L. Rochon<br>Status Conference:  February 13, 2026<br>Time:  12:00 p.m. |
| CRYSTAL PELAYO, JACOB TINGLE, ISAIAH ESQUIBEL, GINO GADALETA, BRICE GAMBILL, RALEIGH MELANCON, and MICAH PARKER, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>      -against-<br><br>KALSHI INC.;KALSHIEX LLC; KALSHI KLEAR INC.; KALSHI KLEAR LLC; and KALSHI TRADING LLC,<br><br>        Defendants. | Case No. 1:25-cv-9913<br><br>**JURY DEMAND**<br><br>Judge:  Jennifer L. Rochon<br>Status Conference:  February 13, 2026<br>Time:  12:00 p.m. |
| ALEXANDER HALLMAN DANIEL GREENBERG, NATHANIEL BEE, AND ABHIJN GUTTA, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>      -against-<br><br>KALSHIEX LLC, KALSHI, INC., KALSHI KLEAR INC., KALSHI KLEAR LLC, and KALSHI TRADING LLC,<br><br>        Defendant. | Case No.: 1:26-cv-00317<br><br>**JURY DEMAND**<br><br>Judge:  Jennifer L. Rochon<br>Status Conference:  February 13, 2026<br>Time:  12:00 p.m. |

# [PROPOSED] STIPULATION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

Plaintiffs in the above-captioned related actions (the "Related Actions") and their counsel have conferred with Defendants Kalshi Inc., Kalshiex LLC, Kalshi Klear, Inc., Kalshi Klear LLC, and Kalshi Trading LLC (together "Defendants") (collectively with Plaintiffs, the "Parties") and their counsel and, pursuant to the Court's Notice of Status Conference on February 13, 2026 at 12:00 p.m. ordering the Parties to file a [Proposed] Stipulation to Consolidate Actions and Set Scheduling Deadlines, state as follows:

## I. Consolidation

On October 16, 2025, Plaintiff Daniel Yee filed the first class action complaint against Defendants alleging that Defendants operate an unlawful sports gambling platform. *See Yee v. KalshiEX LLC et al.*, 25-cv-08585-JLR (the "*Yee* Action"). Two additional and related actions were subsequently filed. *See Pelayo et al. v. Kalshi Inc. et al.*, 25-cv-09913-JLR (the *"Pelayo* Action"); and *Hallman et al. v. Kalshi EX LLC et al*, 26-cv-00317-JLR (the "*Hallman* Action") (the *Yee*, *Pelayo*, and *Hallman* Actions are collectively referred to herein as the "Related Actions").

Because the Related Actions assert overlapping causes of actions and are premised on essentially the same factual background and legal theories, name the same Defendants, and assert claims on behalf of nearly similar classes, these Related Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42. For these reasons, the Parties jointly stipulate to consolidation. The Parties further agree and propose that the Clerk administratively close the *Pelayo* and *Hallman* Actions.

By agreeing to consolidate the Related Actions and entering into this stipulation, Defendants do not waive, and expressly reserve, any and all rights and defenses which may be available to them in connection with the Related Actions.

## II. Docketing

The Parties propose that every pleading filed in the eventual consolidated action bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re KALSHI SPORTS PREDICTION MARKET LITIGATION | Lead Case No. 25-cv-08585 (JLR) <br><br> Consolidated with cases 25-cv-09913 and 26-cv-00317 <br><br> CLASS ACTION |

## III. Appointment of Plaintiffs' Leadership Structure

Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to "designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action." All Plaintiffs in the Related Actions respectfully request that the Court appoint Katherine M. Aizpuru of Tycko & Zavareei LLP, and David Stellings of Lieff Cabraser Heimann & Bernstein LLP as Interim Co-Lead Class Counsel. Plaintiffs also ask the Court to appoint a small Plaintiffs' Steering Committee comprised of Aaron L. Schwartz of Kaplan Fox & Kilsheimer LLP; Wilson Dunlavey of Lieff Cabraser Heimann & Bernstein LLP; Margot Cutter of Cutter Law P.C., and Wesley Griffith of Alameda Law Group LLC, to assist and report to Interim Co-Lead Counsel in connection with the management and coordination of the litigation. *See* Manual for Complex Litigation (Fourth) at § 10.221 (supporting appointment of lead counsel

and a Plaintiffs' Steering Committee).[1] Defendants take no position on Plaintiffs' request for appointment of Interim Co-Lead Class Counsel and a Steering Committee.

### IV.     Proposed Schedule

If the Court grants consolidation and Plaintiffs' request for appointment of a leadership structure, the Parties propose the following schedule:

1.     On or before March 24, 2026, Plaintiffs shall file their Consolidated Complaint;

2.     On or before April 21, 2026, Defendants shall file a motion to compel arbitration;

3.     Plaintiffs shall respond to Defendants' motion by May 21, 2026, and Defendants shall submit their reply in support of their motion(s) by June 11, 2026.

If the Court grants consolidation but prefers that Plaintiffs file a separate motion for appointment of Plaintiffs' leadership structure, the Parties propose the following schedule:

4.     Plaintiffs shall file their motion for appointment of Plaintiffs' leadership structure on or before February 19, 2026;

5.     Plaintiffs' Consolidated Complaint shall be filed within forty-five (45) days of a decision and Order on Plaintiffs' motion for appointment of a Plaintiffs' leadership structure;

6.     Defendants shall move to compel arbitration, within thirty (30) days of the filing of Plaintiffs' Consolidated Complaint;

7.     Plaintiffs shall have thirty (30) days to respond thereto, and Defendants shall have twenty-one (21) days to file their reply in support of their motion.

If the Court denies Defendants' motion to compel arbitration, the Parties propose the following schedule for Defendants to answer, move or otherwise respond to Plaintiffs' Consolidated Complaint:

---

[1] The biographies and firm resumes of the leadership applicants are attached as Exhibits A-H.

8.  Defendants shall answer, move, or otherwise respond to Plaintiffs' Consolidated Complaint within forty-five (45) days of the denial of their motion to compel arbitration.

9.  If Defendants' response to Plaintiffs' Consolidated Complaint is a motion to dismiss, Plaintiffs shall have forty-five (45) days to respond thereto, and Defendants shall have thirty (30) days to file their reply in support of their motion.

**STIPULATED AND AGREED:**

Dated: _____, 2026

                                                  Hon. Jennifer L. Rochon
                                                  United States District Judge

Dated: February 6, 2026        Respectfully submitted,

                                        By:  */s/ David Stellings*
                                                 David Stellings
                                                 Wilson M. Dunlavey
                                                 Jacob S. Miller
                                                 **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                                 250 Hudson Street, 8th Floor
                                                 New York, NY 10013-1413
                                                 Telephone: 212.355.9500
                                                 Facsimile: 212.355.9592
                                                 dstellings@lchb.com
                                                 wdunlavey@lchb.com
                                                 jmiller@lchb.com

                                                 *Attorneys for Plaintiffs in the Pelayo Action*

| | |
|---|---|
| Dated: February 6, 2026 | By: */s/ Katherine Aizpuru*<br>Katherine M. Aizpuru, NY Bar No. 5305990<br>Robert M. Devling, *pro hac vice* to be filed<br>**TYCKO & ZAVAREEI LLP**<br>2000 Pennsylvania Avenue, NW, Suite 1010<br>Washington, District of Columbia 20006<br>Telephone: 202.973.0900<br>kaizpuru@tzlegal.com<br>rdevling@tzlegal.com<br><br>*Attorneys for Plaintiff in the Yee Action* |
| Dated: February 6, 2026 | By: */s/ Laurence D. King*<br>Laurence D. King<br>Aaron Schwartz<br>Clara P. Abramson<br>**KAPLAN FOX & KILSHEIMER LLP**<br>800 Third Avenue, 38th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>lking@kaplanfox.com<br>aschwartz@kaplanfox.com<br>cabramson@kaplanfox.com<br><br>*Attorneys for Plaintiffs in the Hallman Action* |
| Dated: February 6, 2026 | By: */s/ Matthew J. Laroche*<br>Matthew J. Laroche<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>(212) 530-5000<br>mlaroche@milbank.com<br><br>*Attorneys for Defendants* |